IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A. JUBAL HARRIS, : | |
| : | Case No. 2:15-CV-2981 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Deavers |
| US BANK, NATIONAL : | |
| ASSOCIATION, *et al.*, : | |
| : | |
| **Defendants.** : | |

**OPINION AND ORDER**

The matter before the Court is the unopposed Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendants US Bank, National Association ("US Bank") and US Bancorp (Doc. 13). For the reasons that follow, the Court **GRANTS** the motion. Plaintiff's Complaint is **DISMISSED with prejudice** against US Bank and US Bancorp.

I.  BACKGROUND

Plaintiff, proceeding *pro se*, filed this action alleging Defendants' activities have been fraudulent and in violation of several federal statutes, including the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Fair Housing Act, and the Equal Credit Opportunity Act. (Doc. 1.) The Complaint is related to a foreclosure action brought by Defendant US Bank against Plaintiff in the Franklin County Court of Common Pleas. (14-CV-011999.) In that proceeding, US Bank sought foreclosure on real property located at 1162-1164 Lockbourne Road in the city of Columbus, Ohio. Plaintiff lived at the property beginning in 1989. *Id.* In

November 2015, Plaintiff sought to halt this foreclosure by obtaining a Temporary Restraining Order from this Court (Doc. 2), which the Court denied on November 12, 2015. (Doc. 7.)

The Franklin County Court of Common Pleas entered final judgment against Plaintiff on November 25, 2015, finding that the loan in question had been made to Plaintiff, that he had defaulted on repayment of that loan, and that Defendant US Bank was therefore entitled to a foreclosure judgment. (14-CV-011999; Doc. 13.)

Plaintiff alleges in the present action that US Bank and its predecessors have engaged in fraudulent and other illegal activity arising from defective execution of the home mortgage loan for the Lockbourne Road property. (Doc. 1.) Plaintiff seeks injunctive, punitive, declaratory and exemplary damages against the Defendants, quiet title to the property, a refund of all payments made under the allegedly fraudulent mortgage, the dissolution of US Bank, and any other appropriate civil remedies. (Doc. 1.)

## II.    STANDARD OF REVIEW

The same standards apply to both a motion for judgment on the pleadings under Rule 12(c) and a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).  In reviewing such motions, the Court accepts as true the well-pleaded factual allegations of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations will be considered well pleaded if they "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  This plausibility standard requires the complaint to plead facts that are not "merely consistent with" a defendant's liability, but rather "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    ANALYSIS

Defendants argue that Plaintiff's claims are barred by *res judicata*. (Doc. 13.) They are correct. When faced with a complaint that has already been litigated in state court, "[f]ederal courts are required to give the same effect to a state-court judgment that would be given by a court of the state from which the judgment emerged." *Duncan v. U.S. Bank, NA*, 574 F. App'x 599, 602 (6th Cir. 2014) (citation omitted).  Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* (citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995)).

The Franklin County Court of Common Pleas rendered a final judgment against Plaintiff in November 2015. (14-CV-011999; Doc. 13). In the present case, Plaintiff asserts a right to relief based upon the same allegedly fraudulent mortgage. (Doc. 1.) In doing so, he seeks relief based upon a claim arising out of the transaction or occurrence that was the subject matter of the previous action, which the law does not allow. *See Duncan*, 574 F. App'x at 602; *Grava v. Parkman Twp.*, 73 Ohio St.3d at 382.  As a result of the previous state court litigation and the final judgment entered there, Plaintiff cannot pursue the same claim in federal court.

Even if this Court were to set aside such preclusion and accept Plaintiff's initial contentions as true, he has failed to state a plausible claim for relief   Plaintiff argues, for example, that Defendant was obliged to "physically" provide him the value of the home loan for the Lockbourne Road property "in the form of cash, cashier's check, certified money order or other form of legal tender." (Doc. 1, ¶ 15.) Plaintiff cites no legal authority to support such a requirement. Such authority would be welcome, because this claim is novel to the Court.

Plaintiff's other allegations, particularly his call for the dissolution of US Bank (Doc. 1 at 28), are not just implausible but also conclusory, and conclusory allegations are not sufficient to survive a motion for judgment on the pleadings. *Ashcroft v. Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted.  The Court **GRANTS** Defendants' Motion for Judgment on the Pleadings, **DISMISSING with prejudice** Plaintiff's case against Defendants US Bank and US Bancorp.

**IT IS SO ORDERED.**

                                                                  s/ Algenon L. Marbley
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED:  July 12, 2016**